**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Rony Ricardo Rhaburn-Perez,

    Plaintiff,

v.

Steven Patrick Padilla, et al.,

    Defendants.

Case No. 2:26-cv-00002-RFB-NJK

**Order**

[Docket No. 10]

Pending before the Court is the parties' stipulation to extend case management deadlines. Docket No. 10.

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[1] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted). Given the importance of scheduling orders and the well-established expectation that

---

[1] Such a request is also governed by Local Rule 26-3.

1

they be taken seriously, "enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *see also Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("Federal Rule of Civil Procedure 16 is to be taken seriously").

The Rule 16 good cause analysis for obtaining relief from the scheduling order turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*

"That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.[2]

The Rule 26(f) conference was held on March 2, 2026, Docket No. 8 at 1, at which time the parties could begin engaging in discovery. Further, the parties asked the Court for an extended 210-day discovery period, in part because they needed time to obtain Plaintiff's medical records, which the Court granted. *See* Docket No. 8 at 1; Docket No. 9. Nonetheless, in the time that discovery has been open, the parties have conducted almost no affirmative discovery and have not even attempted to obtain Plaintiff's medical records. In fact, the parties submit that the only

---

[2] Moreover, although the Ninth Circuit has taken a more lenient approach to extensions in other contexts, it has been emphatic in the need and ability of district courts to enforce case management deadlines. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases); *see also Williams*, 627 F. Supp. 3d at 1177 n.3 (declining to apply case law outside the Rule 16 context to request to extend case management deadlines).

discovery conducted in this case thus far is that Defendant propounded its written discovery. Docket No. 10 at 1.[3]

In short, the parties have shown a lack of diligence in conducting discovery and, therefore, good cause for the extension sought has not been shown. Under the relevant case law, the Court would be justified in denying this stipulation in its entirety due to the lack of good cause shown. Nonetheless, given the desire to resolve the case on its merits, the Court will allow a 60-day extension of the requested deadlines. During this time, the parties must diligently engage in discovery. Given the lengthy discovery period initially granted, this extension, and the lack of diligence exhibited by the parties, the Court is not inclined to grant further extensions.

Accordingly, the parties' stipulation is **GRANTED** in part and **DENIED** in part. Docket No. 10. Deadlines are hereby **RESET** as follows:

- Amend pleadings/ add parties:  closed
- Initial experts:  August 3, 2026
- Rebuttal experts:  September 2, 2026
- Discovery cutoff:  October 2, 2026
- Dispositive motions:  November 2, 2026
- Joint proposed pretrial order:  December 2, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: May 14, 2026.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[3] The parties also submit that they conducted their Rule 26(f) conference and Defendant produced a list of witnesses and documents, which are not discovery efforts. Further, the parties fail to include the date on which Defendant propounded discovery. *See* Docket No. 10 at 1.